Pro Se General Complaint for a Civil Case (Rev.10/16)

United States District Court
for the
NORTHERN DISTRICT OF ALABAMA

2019 JUN 25  A 9: 20

Marcus Nathanial Grissom                    }
*Plaintiff*                                 }
*(Write your full name. No more than one plaintiff* }
*may be named in a pro se complaint)*       }
v.                                          }
                                            }  Case No. 2:19-cv-987-SGC
The State of Alabama                        }
                                            }  (to be filled in by the
                                            }  Clerk's Office)
The Honorable Joanne M. Jannik; Individually and  }
in her Professional Capacity and Role       }  JURY TRIAL  ☐  Yes  X  No
                                            }
Tuscaloosa County ADA Sam Baxter; Individually }
and in her Professional Capacity and Role   }
                                            }
Alabama State Trooper M. Duke; Individually and }
in his Professional Capacity and Role       }
                                            }
Others Discovered in the Proceedings; Individually }
and in their Professional Capacity and Role

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above or on page 2, please write "see attached" in the space and attach an additional page with the full list of names)*

COMPLAINT FOR A CIVIL CASE

I.  The Parties to This Complaint

   A.  The Plaintiff
       Name              Marcus Nathanial Grissom (Representing Himself)
       Street Address    1012 Belle Meade Blvd
       City and County   Northport Tuscaloosa County
       State and Zip Code  35475
       Telephone Number  205-246-4995 / 205-246-3763

Page 1 of 10

**B.** The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. If you are suing an individual in his/her official capacity, include the person's job or title. Attach additional pages if needed.

Defendant No. 1
    Name: The State of Alabama
    Job or Title: Office of the Attorney General
    Street Address: 501 Washington Avenue
    City and County: Montgomery, Montgomery County
    State and Zip Code: AL 36104

Defendant No. 2
    Name: The Honorable Joanne M. Jannik
    Job or Title: Tuscaloosa County Courthouse
    Street Address: 714 Greensboro Avenue
    City and County: Tuscaloosa, Tuscaloosa County
    State and Zip Code: Alabama 35401

Defendant No. 3
    Name: Ms. Sam Baxter
    Job or Title: Tuscaloosa County ADA
    Street Address: 714 Greensboro Ave Suite 410,
    City and County: Tuscaloosa, Tuscaloosa County
    State and Zip Code: AL 35401

Defendant No. 4
    Name: Mr. M. Duke
    Job or Title: Alabama State Trooper
    Street Address: 201 South Union Street
    City and County: Montgomery, Montgomery County
    State and Zip Code: AL 36104

Pro Se General Complaint for a Civil Case (Rev.10/16)

Defendant No. 5
Name: Those who should be discovered during the proceedings whose roles and actions, or lack thereof, meet the threshold necessary for prosecution under this legal action.

**II.** Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only these types of cases can be heard in federal court: a dispute that involves a right in the United States Constitution or a federal law (as opposed to a state law or local ordinance); a dispute that involves the United States of America (or any of its agencies, officers or employees in their official capacities) as a party; and a dispute between citizens of different states with an amount in controversy that is more than $75,000.

What is the basis for federal court jurisdiction? *(check all that apply)*

X Constitutional or Federal Question ☐ USA Defendant ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.** If the Basis for Jurisdiction is USA defendant (N/A)

**B.** If the Basis for Jurisdiction is a Constitutional or Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

<u>Violation Summaries</u>

1. <u>U.S. Constitution Violations</u>
   a. Amendment 1

**PLEASE NOTE: The Plaintiff requests that the venue be in Birmingham, AL and Not Tuscaloosa as some of the defendants work in the judicial system and are attorneys who would be likely familiar with the defendants and or who have past associations through legal and other proceedings.**

## Violation Explanation(s)

1. <u>Amendment I</u> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

2. <u>Houston v. Hill</u>
   <u>482 U.S. 451, 107 S. Ct. 2502 (1987)</u>
   "RULE: The First Amendment, U.S. Const. amend. I, protects a significant amount of verbal criticism and challenge directed at police officers. Speech is often provocative and challenging, but it is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest."

3. <u>Eric Roshaun Thurairajah v. City of Fort Smith, Arkansas; Sebastian County, Arkansas; State of Arkansas; Bill Hollenbeck, individually and in his official capacity as Sheriff for the County of Sebastian</u>
   <u>United States Court of Appeals For the Eighth Circuit</u>
   <u>No. 17-3419</u>
   "Thurairajah's First Amendment right to be free from retaliation was clearly established at the time of his arrest. "[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out." *Hartman*, 547 U.S. at 256. With limited exceptions not relevant here, even profanity is protected speech. *See, e.g., Cohen*, 403 U.S. at 25. Criticism of law enforcement officers, even with profanity, is protected speech. *See City of Houston, Texas v. Hill*, 482 U.S. 451, 461 (1987); *Hoyland*, 869 F.3d 644. Accordingly, we hold that the district court did not err by denying qualified immunity to Trooper Cross for the First Amendment claim. For the foregoing reasons, we affirm the district court's order denying qualified immunity."

   a. <u>Audio Recording and Ticket Available</u>. During a traffic stop on March 12th, 2019 by Trooper Duke, at one point the State Trooper asked, "Do you have an issue with that" (referring to the reason the Trooper stopped me). I responded, "Yes Sir, usually you pull people over for speeding." The trooper responded "there are all kinds of laws on the books." I responded, "is it because I got over and you got pissed off at me for you getting behind me?" The trooper replies "you were doing 60 mile an hour in the left lane" (The speed limit was 65).

   The Trooper then states, "We were working on a warning but you just changed that, OK."

   The Trooper also wrote on the ticket "Asked if I was pissed because he got over."

   *[The Trooper changed the warning to a prosecutable ticket for me for exercising my rights to free speech therefore violating my First Amendment Rights.]*

      b. <u>Matter of Record.</u> The DA's Office then moved to prosecute me for exercising my rights to free speech.

      c. <u>Matter of Record.</u> The Alabama District Court Judge at the bench trial allowed me to be prosecuted me for exercising my rights to free speech.

      d. <u>Matter of Record.</u> The Tuscaloosa District Attorney's Office 's prosecuted me for exercising my rights to free speech.

      e. <u>Matter of Record.</u> The Alabama District Court Judge at the bench trial convicted me for exercising my rights to free speech.

      f. <u>Matter of Record.</u> I appealed the conviction of me for exercising my rights to free speech.

      g. <u>Pending Matter of Record.</u> The Tuscaloosa District Attorney's Office 's continues to prosecute me for exercising my rights to free speech.

2. The Amount in Controversy The amount in controversy – the amount the plaintiff claims the defendant owes or the amount that is at state – is more than $75,000, not counting interest and costs of court, because: *(explain)*

   **As a note:** Recent simple violation of a single act violating the First Amendment Right have resulted in settlements of $100,000 or more. The cumulative nature of this case far exceeds a simple violation that is a result of a single act of police misconduct that is short lived and remediated. This case is more far reaching or deeper than a single state entity violating a Constitutional Amendment.

   - This case includes a state law enforcement officer bringing charges specifically as the result of my exercising the right to free speech for prosecution purposes.
   - This case includes the county prosecutor's office on behalf of the state *seeking to prosecute* me for my exercising the right to free speech for the bench trial.
   - This case includes the county prosecutor's office on behalf of the state *actually prosecuting* me for my exercising the right to free speech for the bench trial.
   - This case includes the district judge twice denying the right to audio record the bench trial *where I was prosecuted* for my exercising the right to free speech.
   - This case includes the district judge convicting me as a result of the bench trial where I was prosecuted for my exercising the right to free speech.
   - This case includes the district judge twice denying the right to audio record the bench trial *where I was convicted* for my exercising the right

to free speech.
- The egregiousness of this case is in the complete failure of multiple safe guards by each participating party to recognize and act in compliance with the Constitution AND whereas the judge acted in a manner creating a cover up of such violation.
- Additionally, the continued pursuit of the constitutional violation and the courts upholding the violations adds to the egregiousness of the case.

3. Statement of Claim

   a. Audio Recording and Ticket Available. During a traffic stop on March 12th, 2019 by Trooper Duke, at one point the State Trooper asked, "Do you have an issue with that" (referring to the reason the Trooper stopped me). I responded, "Yes Sir, usually you pull people over for speeding." The trooper responded "there are all kinds of laws on the books." I responded, "is it because I got over and you got pissed off at me for you getting behind me?" The trooper replies "you were doing 60 mile an hour in the left lane" (The speed limit was 65).

   The Trooper then states, "We were working on a warning but you just changed that, OK."

   The Trooper also wrote on the ticket "Asked if I was pissed because he got over."

   *[The Trooper changed the warning to a prosecutable ticket for me for exercising my rights to free speech therefore violating my First Amendment Rights.]*

   b. Matter of Record. The DA's Office then moved to prosecute me for exercising my rights to free speech.

   c. Matter of Record. The Alabama District Court Judge at the bench trial allowed me to be prosecuted me for exercising my rights to free speech.

   d. Matter of Record. The Tuscaloosa District Attorney's Office 's prosecuted me for exercising my rights to free speech.

   e. Matter of Record. The Alabama District Court Judge at the bench trial convicted me for exercising my rights to free speech.

   f. Matter of Record. I appealed the conviction of me for exercising my rights to free speech.

   g. Pending Matter of Record. The Tuscaloosa District Attorney's Office 's continues to prosecute me for exercising my rights to free speech.

Write a short and plain statement of the claim. Briefly state the facts showing that the plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

My Specific Claims Are:

a. **Audio Recording and Ticket Available**. During a traffic stop on March 12th, 2019 by **Trooper Duke**, at one-point **Trooper Duke** asked, "Do you have an issue with that" (referring to the reason **Trooper Duke** stopped me). I responded, "Yes Sir, usually you pull people over for speeding." **Trooper Duke** responded "there are all kinds of laws on the books." I responded, "is it because I got over and you got pissed off at me for you getting behind me?" **Trooper Duke** replies "you were doing 60 mile an hour in the left lane" (The speed limit was 65).

**Trooper Duke** then states, "We were working on a warning but you just changed that, OK."

**Trooper Duke** also wrote on the ticket "Asked if I was pissed because he got over."

[***Trooper Duke** changed the warning to a prosecutable ticket for me for exercising my rights to free speech therefore violating my First Amendment Rights.*]

   a. Matter of Record. The **Assistant District Attorney Samantha Baxter** then moved to prosecute me for exercising my rights to free speech.

   b. Matter of Record. **The Honorable Joanne M. Jannik** at the bench trial allowed me to be prosecuted me for exercising my rights to free speech.

   c. Matter of Record. The **Assistant District Attorney Samantha Baxter** prosecuted me for exercising my rights to free speech.

   d. Matter of Record. **The Honorable Joanne M. Jannik** at the bench trial convicted me for exercising my rights to free speech.

   e. Matter of Record. I appealed the conviction of me for exercising my rights to free speech.

   f. Pending Matter of Record. The Tuscaloosa District Attorney's Office 's continues to prosecute me for exercising my rights to free speech.

### b. Relief

State briefly and precisely what damages or other relief the plaintiff asks for the court to order. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive (punishment) or exemplary (warning or deterrent) damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

| | | |
|---|---|---|
| 1) | Punitive relief for the State Troopers charges in the Constitutional violation | $750,000 |
| 2) | Punitive relief until resolved per month from initial ticket | $100,000 |
| 3) | Punitive relief for the Prosecutor's actions in the Constitutional violation | $1,500,000 |
| 4) | Punitive relief until resolved per month from initial ticket | $100,000 |
| 5) | Punitive relief for the Judges upholding/convicting the Constitutional violation | $3,000,000 |
| 6) | Punitive relief until resolved per month from initial ticket | $100,000 |
| 7) | Punitive relief for the State of AL systems failure in the Constitutional violation | $6,000,000 |
| 8) | Punitive relief until resolved per month from initial ticket | $1,000,000 |
| 9) | Punitive relief for other found responsible in the Constitutional violation | $ As appropriate |
| 10) | Punitive relief until resolved per month from initial ticket | $ As appropriate |
| 11) Punitive and Exemplary relief to make agreeable corrections in oversight and accountability in laws and judicial proceedings to include evidence issues, audio visual evidence, protections and transparent defendant notices of rights and path for reporting violations for the State of Alabama. | | $ As agreeable |

Pro Se General Complaint for a Civil Case (Rev. 10/16)

### c. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

First Name **Marcus**           Last Name **Grissom**

Mailing Address **1012 Belle Meade Blvd**

City and State **Tuscaloosa, AL**           Zip Code **35475**

Telephone Number **205-246-4995**

E-mail Address **natengrissom@yahoo.com**

Signature of plaintiff _[signature]_

Date signed **6/24/2019**

**\*\*OPTIONAL\*\***

You may request to receive electronic notifications. You may not file documents or communicate with the court electronically. All documents must be submitted in paper and you must serve the defendants.

Type of personal computer and related software/equipment required:

- Personal computer running a standard platform such as Windows or Mac OSX
- Internet access (high speed is recommended)
- A Web browser (Microsoft Internet Explorer 7.0 or 6.0 or Mozilla Firefox 2 or 1.5)
- Adobe Acrobat Reader is needed for viewing e-filed documents
- PACER account – Information and registration at

Pro Se General Complaint for a Civil Case (Rev.10/16)

- You will receive one "free" look of the document. Documents must be viewed within 14 days. You must only single-click on the hyperlink to view.

**Note: You must promptly notice the Clerk's Office, in writing, if there is a change in your designated e-mail address. Failure to update your email address does not excuse failures to appear or timely respond.**

E-mail type:

        X HTML – Recommended for most e-mail clients

        ☐ Plain Text – Recommended for e-mail accounts unable to process HTML e-mail

Conditioned upon the sufficiency of your electronic equipment which the court will test and verify receipt, you will be allowed to receive electronic notifications.

By submitting this request, the undersigned consents to electronic service and waives the right to personal service and service by first class mail pursuant to Rule 5(b)(2) of the Federal Rules of Civil Procedure, except with regard to service of a summons and complaint.

When a filing is entered on the case docket, a party who is registered for electronic noticing will receive a Notice of Electronic Filing in his/her designated e-mail account. The Notice will allow one free look at the document, and any attached .pdf may be printed or saved.

IMPORTANT:

Messages sent to Yahoo or AOL accounts are frequently found in the spam folder until the court is added to your address book.

E-mail address designated for noticing:

**natengrissom@yahoo.com**

Participant signature: _/s/ Nate Grissom_

Date: **6/24/2019**