UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARCUS NATHANIAL GRISSOM,　)
　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　Case No. 2:19-cv-987-GMB
　　　　　　　　　　　　　　　　　)
THE STATE OF ALABAMA, *et al.*,　)
　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　)

## MEMORANDUM OPINION

Before the court are the defendants' motions to dismiss Plaintiff Marcus Grissom's claims. Docs. 37–41 & 55.  The motions are fully briefed and ripe for decision. Docs. 37–41, 43, 44, 46, 47, 55 & 57.  The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  Docs. 15, 50 & 51.  For the reasons discussed below, the motions are due to be granted.

## I.  STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim

is "plausible on its face" if "the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations need not be

detailed, but "must be enough to raise a right to relief above the speculative level,"

*id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not

suffice, *Iqbal*, 556 U.S. at 678.

## II.  FACTUAL BACKGROUND

In his Amended Complaint, Grissom alleges that Trooper Michael Harris

pulled him over while driving during 2018. Doc. 29 at 8.  During the stop, Harris

threatened Grissom, cursed at him, and tried to coerce him into admitting to conduct

he did not do. Doc. 29 at 8.  Harris told Grissom that he was recording the incident,

but Grissom later learned that Harris recorded video but no audio. Doc. 29 at 9.

Grissom contested the charge against him in state court. Doc. 29 at 9–10.  At trial,

Harris testified and the video was received into evidence, but the video appeared to

have been manipulated. Doc. 29 at 10.  Grissom's attorney advised him not to testify.

Doc. 29 at 10.  Grissom was convicted for reckless driving and sentenced to "one

day served, 75-day probation, 8 hour driving school, and court costs." Doc. 29 at 10.

He appealed the case, but it was "finally dropped" by Circuit Court Judge Brad Almond. Doc. 29 at 10.

In 2019, Grissom's father contacted the district attorney's office to report misconduct by the prosecutors in his son's case. Doc. 29 at 10.  He spoke with Paula Herring, who told him there had been no misconduct. Doc. 29 at 10.  A few days later, Trooper Isaac Duke pulled Grissom over for driving too slowly. Doc. 29 at 10.  Duke "attempted to provoke a negative response" from Grissom during the stop and "made it clear he was recording the stop yet refused to provide any audio or video when requested as discovery." Doc. 29 at 11.  After Grissom protested that he had not been speeding, Duke also told Grissom that "[w]e were working on a warning but you just changed that." Doc. 29 at 29.

Grissom took the resulting court case to trial as well.  At this trial, Samantha Baxter-Krebs was the prosecutor and the Honorable Joanne M. Jannik presided. Doc. 29 at 11.  Grissom twice asked for permission to record the trial, but Judge Jannik denied his requests. Doc. 29 at 11.  Duke testified that he gave Grissom a ticket because of his attitude. Doc. 29 at 11.  Grissom was allowed to ask Duke questions about his training but not about the traffic stop. Doc. 29 at 11.  Grissom again appealed this case to Circuit Court and also filed two cases in federal court. Doc. 29 at 12.  After the federal filings, Annah Roberts, an auditor for the Alabama Department of Revenue, notified Grissom's father of an audit of his state tax returns.

Docs. 29 at 12 & 29-1 at 2–3.  The Circuit Court remanded Grissom's case to the District Court, where he was found not guilty and received "a $54 check back from the $300 appeal bond." Doc. 29 at 12.  As of August 2020, the State of Alabama still "held [Grissom's] families['] 2018 state tax refunds." Doc. 29 at 12.

## III.  DISCUSSION

Grissom brings most of his claims under the following federal criminal statutes: 18 U.S.C. §§ 242, 1341, 1343, 1512, 1513, and 1951. *See* Doc. 29 at 7–8. None of these criminal statutes provides a private right of action. *Rockefeller v. U.S. Ct. of App. Off., for 10th Cir. Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (18 U.S.C. § 242); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (18 U.S.C. §§ 1341 & 1343); *Sealey v. Stidham*, 2015 WL 5083998, at *8 (M.D. Ala. Aug. 27, 2015) (18 U.S.C. § 1341); *Hamrick v. Gottlieb*, 416 F. Supp. 2d 1, 4–5 (D.D.C. 2005) (18 U.S.C. § 1512); *Lucy v. Ala. Dep't of Revenue*, 2013 WL 3008514, at *3 (S.D. Ala. June 17, 2013) (18 U.S.C. § 1513); *Hoglund v. Charter Comms., Inc.*, 2018 WL 4896352, at *3 (N.D. Ala. Oct. 9, 2018) (18 U.S.C. § 1951). Therefore, all claims invoking these statutes are due to be dismissed.  This includes all of the claims Grissom brings against Annah Roberts.[1]

---

[1] To the extent that Grissom's claims under 18 U.S.C. §§ 1341 and 1343 could have been construed as claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), *see Wisdom*, 167 F.3d at 406–07, he has clarified that he is not bringing any RICO claims in his Amended Complaint. Doc. 29 at 5.

**A.** **Claims Against The State of Alabama, Judge Jannik, DA Webb, ADA Baxter-Krebs, ADA Herring, and Former ADA Brown**

Defendants the State of Alabama, Tuscaloosa County District Court Judge Joanne Jannik, Tuscaloosa County District Attorney Hays Webb, Tuscaloosa County Assistant District Attorney Samantha Baxter-Krebs, Tuscaloosa County Assistant District Attorney Paula Herring, and former Tuscaloosa County Assistant District Attorney Hunter Brown all assert that they are immune from suit under the Eleventh Amendment to the United States Constitution. Docs. 39 at 1–2 & 40 at 1–2. The Eleventh Amendment bars citizens from suing a state. U.S. Const. amend. 11; *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 616 (2002). The State of Alabama has not waived this immunity, Ala. Const. art. 1, § 14, and Congress has not abrogated Eleventh Amendment immunity in § 1983 cases. *Duncan v. Bibb County Sheriff's Dep't*, 471 F. Supp. 3d 1243, 1255 (N.D. Ala. 2020). This immunity extends to judges acting in their judicial capacities. *See City of Bayou La Batre v. Robinson*, 785 So. 2d 1128, 1131–32 (Ala. 2000). Prosecutors also are immune from § 1983 claims arising from judicial proceedings. *Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 2010).

Grissom's claims against the State of Alabama are barred by the Eleventh Amendment, and all of his allegations against Judge Jannik relate to the way in which she presided over his proceedings in state court. Doc. 29 at 13–19. Moreover,

all of his claims against the prosecutors relate to their conduct in his cases in state court. Doc. 29 at 24–28, 30–33.   Therefore, Grissom's claims against these defendants are barred by the Eleventh Amendment and are due to be dismissed.

**B.      Claims Against Trooper Michael Harris**

Grissom brings First and Fifth Amendment claims against Harris. Doc. 29 at 36.  He alleges that Harris tried to coerce him into admitting to speeding and said, "If you'd have just admitted to it, it'd have been ok." Doc. 29 at 36.  Grissom claims that Harris' actions violated his Fifth Amendment rights by attempting to coerce him into a false confession. Doc. 29 at 36.  But law enforcement officers may question detainees as long as they inform them of their Fifth Amendment rights. *See Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966).  To the extent Grissom is alleging that Harris violated *Miranda*, "[t]he remedy for such a violation [is] exclusion of the un-*Mirandized* statement from trial, not an action for damages under § 1983." *Hobbs v. Cappelluti*, 899 F. Supp. 2d 738, 764 (N.D. Ill. 2012).  At any rate, Grissom has not identified a statement he made to Harris that was used against him at trial.  For all of these reasons, he has failed to state a claim under the Fifth Amendment.

Grissom claims that Harris also violated his First Amendment rights when he tried "to coerce [Grissom] into admitting something that he didn't do" and would not permit him "to explain the situation." Doc. 29 at 36.  Grissom does not explain how these allegations state a First Amendment claim.  To the extent Grissom is

attempting to allege a First Amendment retaliation claim, he cannot do so under these facts.

> To state a § 1983 First Amendment retaliation claim, a plaintiff generally must show: (1) she engaged in constitutionally protected speech, such as her right to petition the government for redress; (2) the defendant's retaliatory conduct adversely affected that protected speech and right to petition; and (3) a causal connection exists between the defendant's retaliatory conduct and the adverse effect on the plaintiff's speech and right to petition.

*DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019).  Grissom does not allege that Harris arrested him because of anything he said.  Without any allegation of constitutionally protected speech that could satisfy the first element of a First Amendment retaliation claim, Grissom's claims against Harris are due to be dismissed.

## C.    Claims Against Trooper Isaac Duke

Grissom brings a First Amendment retaliation claim against Duke for issuing a ticket based on his traffic stop. Docs. 29 at 28 & 57 at 2.  However, the existence of probable cause of a crime is generally a bar to a First Amendment retaliation claim. *Redd v. City of Enterprise*, 140 F.3d 1378, 1383 (11th Cir. 1998).  Duke's ticket indicates that Grissom was fined for impeding the flow of traffic in violation of Alabama Code § 32-5A-80(b) by driving 60 miles per hour in the left lane. Doc. 29-1 at 27.  Grissom concedes that he was, in fact, driving one to five miles per hour below the 65 mile per hour speed limit when Duke pulled him over. Doc. 29 at 10

& 29.  Alabama law requires drivers traveling "at less than the normal speed of traffic" to drive in the right lane. Ala. Code § 32-5A-80(b).  On these facts, the court finds that Duke had probable cause to ticket Grissom for violating Alabama Code § 32-5A-80(b).   Because Duke had probable cause to write the ticket, Grissom cannot bring a First Amendment retaliation claim against him for doing so. *See Redd*, 140 F.3d at 1383.  Therefore, Grissom's retaliation claim against Duke is due to be dismissed.

A final judgment will be entered separately.

DONE and ORDERED on April 28, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE